# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LANDEN BARNES,

          Petitioner,     :     Case No. 3:19-cv-357

  - vs -                             District Judge Walter H. Rice
                                   Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
  Pickaway Correctional Institution,

                               :
          Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Landen Barnes *pro se*, is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases. Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. All habeas corpus cases filed at the Dayton location of court are referred to the undersigned for case management, including initial review, under General Order DAY 13-01.

Petitioner Barnes avers that he was indicted on August 7, 2015, by a Hamilton County grand jury on charges of trafficking in cocaine, trafficking in heroin, possession of cocaine, possession of heroin, having weapons while under a disability, receiving stolen property, and

improper handling of firearms in a motor vehicle (Petition, ECF No. 1, PageID 16). Pursuant to a plea agreement he pleaded guilty to possession of heroin, having weapons under disability, and receiving stolen property. *Id.* He was then sentenced to seventy-two months incarceration. The trial judge refused to merge the weapons and stolen property convictions under Ohio Revised Code § 2941.25 and imposed those sentences consecutively.

Barnes appealed to the First District Court of Appeals which affirmed the conviction and sentence despite his claim that the weapons and receiving charges should be merged. *State v. Barnes,* Case No. C 1500678 (1st Dist. Mar. 29, 2017)(unreported; copy on file with the Supreme Court of Ohio in Case No. 2017-0627). The Supreme Court of Ohio declined to exercise appellate jurisdiction. *State v. Barnes,* 2017-Ohio-8842. On August 15, 2019, Barnes filed an original Petition for Writ of Habeas Corpus in the Supreme Court of Ohio (Petition, ECF No. 1, PageID 3). That court dismissed his petition *sua sponte* on September 25, 2019.

On November 7, 2019[1], Barnes filed his Petition for Writ of Habeas Corpus in this Court, pleading one ground for relief:

> **Ground One:** Mr. Barnes was imposed a [sic] consecutive sentences on receiving stolen property and having weapons under disability when in fact both sentences should have been merged as allied offenses.

(Petition, ECF No. 1, PageID 5).

---

[1] Although the Petition was not docketed until November 12, 2019, it was deposited in the mail on November 7, 2019. As an incarcerated person, Barnes is entitled to the mailing date as the filing date. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

# Analysis

Upon initial review under Rule 4, the Magistrate Judge recommends the Petition be dismissed for two independent reasons: it is barred by the statute of limitations and it is without merit when analyzed as a federal constitutional claim.

**Statute of Limitations**

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

>judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the statute to this case, the Petition shows that Barnes' conviction became final under § 2244(d)(1) on March 6, 2018. This is the ninetieth day after the Supreme Court of Ohio declined jurisdiction on direct appeal and therefore the last day on which Barnes could have sought review in the Supreme Court of the United States. The statute therefore began to run on March 7, 2018, and expired one year later on March 7, 2019.

Barnes properly filed a collateral attack on the judgment by filing his state action for habeas corpus, but he did not do that until August 15, 2019. Under § 2244(d)(2) a properly filed collateral attack will toll (stop) the statute from running, but it does not start the statute over. As noted, Barnes did not file in this Court until November 7, 2019, eight months too late.

The statute of limitations is an affirmative defense which is forfeited if not pleaded as required by Fed. R. Civ. P. 8(c). A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, before doing so it must give the Petitioner notice and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015). Because this recommendation is being made on initial review, Petitioner will have an opportunity to respond in any objections to this Report.

**Merits of the Allied Offenses Claim**

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C.

§ 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar concurring).

Ohio Revised Code § 2941.25 is, of course, not part of the Federal Constitution. Even assuming the consecutive sentences violated that Ohio statute, they would not be unconstitutional unless they also violated some provision of the United States Constitution. Not every state violation of its own laws deprives a person of due process. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

Ohio Revised Code § 2941.25 protects the same interests as are protected by the Double Jeopardy Clause of the Fifth Amendment. That Clause affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969). Barnes convictions and sentences on the two counts he alleges are allied offenses of similar import will be unconstitutional only if he is being punished twice for the "same" offense.

Two determine whether two offenses are the same for Double Jeopardy purposes, the federal courts compare the elements of the two crimes. *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The crime of having a weapon under disability has as its elements the possession of a firearm after one has been convicted of any felony offense of violence or felony drug offense. Ohio Revised Code § 2923.13. Receiving stolen property requires possession of the property of another person when one knows or has reasonable cause to believe it was obtained through commission of a theft offense. Ohio Revised Code § 2913.51. As can be readily seen, these two crimes have no elements in common. Nothing in the weapons under disability statute requires proof that the firearm was stolen. Nothing in the receiving statute requires proof that the property in question was a firearm.

In denying Barnes relief on this claim, the First District Court of Appeals, following the language of Ohio Revised Code § 2941.25, found that these two crimes were of dissimilar import. That is "[t]he criminal wrong committed by the possession of a firearm while under a disability is different from the criminal wrong resulting from receiving stolen property, which involves the retention of stolen property." *State v. Barnes*, Case No. C-150678, slip opinion at 3, citing *State v. Finnell*, 2015-Ohio-4842, ¶ 72.

Ohio certainly has the authority to provide defendant in its criminal courts with more protection than provided by the Double Jeopardy Clause, but it has not done so in this case. Ohio

Revised Code § 2941.25 might even be read to prohibit multiple convictions where the charges were receiving stolen property and having a weapon under disability where both crimes were committed by the same act, e.g. when a convicted felon takes possession of a stolen gun. But even that reading would not Barnes because he already had the stolen firearm when the police stopped him.

Because Barnes's convictions and sentence for both having weapons under disability and receiving stolen property do not offend the Double Jeopardy Clause, his Petition is also without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed on the merits and as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 14, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).